### APPEAL AS TO CUSTODY OF CHILD.

Circuit Court of Cuyahoga County.

HOMER SCHULTZ v. LOUISE SCHULTZ.

Decided, November 14, 1910.

*Parent and Child—Custody of Little Girl as Between Father and Mother.*

Other things being equal, the custody of a little girl of tender years should be awarded to her mother, but where the mother shows little affection for the child, she will be given to the father.

*E. C. Schwan,* for plaintiff in error.
*Alexander & Dawley,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur..

This is an appeal under favor of Section 8035, General Code, from the judgment of the common pleas court in a divorce case awarding the custody of a female infant six years old to the father, to whom a divorce was granted from the mother on the ground of her gross neglect of duty.

Other things being equal, it seems that a little girl of tender years should be in the custody of her mother rather than of her father, if she is so unfortunate as to be unable to live with both.

From the evidence in this case we find that the mother is now living with her mother, the child's grandmother, who loves the little girl dearly, and greatly wants it with her. This grandmother's home would be a comfortable place for the child.

The mother is working every day at the tack works, earning about $1.25 per day. We believe her conduct since the divorce last June has been without reproach.

From the husband's testimony it appears that much of the marital trouble was over this child.

When the child was sixteen months old the mother let the grandmother have her and the little girl lived with her grandmother until her parents were divorced.

The mother says the father consented to this arrangement but he denies it.    When asked by the court why *she* consented to such an arrangement the mother made no satisfactory reply.

We do not think the mother's conduct towards the child in this respect, during the years she was free to have it with her shows the full maternal love, nor does it promise a full performance of a mother's duty toward the child.

She says the grandmother took such pleasure in the child that she could not deny her the little girl.

Selfish love of the grandmother has here, perhaps, caused a daughter to lose her husband and might cause a grandchild to lose her parents, for by placing the child with this grandmother she would be taken from her father, with little assurance that the mother would share in the grandmother's care of her, or give her any more attention than she did before.

We find the father to be a suitable custodian for the child. He is living with his parents, who are comfortably situated and glad to have the little girl with them.

We are not disposed to make any change in the custody of the child, but it is apparent that the provision in the order now governing the mother's access to the child is inadequate.

It is therefore ordered that the father cause the child to be taken to the mother's home every Saturday, not later than three o'clock in the afternoon, and leave her there until Sunday following, when he may call or send for her, taking her away not earlier than twelve o'clock noon.    The decree may also provide that the father pay the mother fifty cents a week for the support of the child while it is visiting at the mother's house, and the costs in this court are assessed against the plaintiff.